**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Acushnet Company, a Delaware corporation,<br><br>                Plaintiff,<br>v.<br><br>Thomas Allan Thiede a/k/a Thomas Thiede a/k/a Tom Thiede a/k/a Tom T., an individual, d/b/a Showcase Studios d/b/a Showcase Companies d/b/a Showcase Architectural Products d/b/a Showcase Custom Homes, Inc. d/b/a Makeovermygaragedoor.com; Dualwin Sporting Goods Co., Ltd., an unincorporated foreign business entity, Does 1-5 and Does 7-10,<br><br>                Defendants. | No. CV 12-02508-PHX-JAT<br><br>**ORDER**<br><br>[F<small>ILED</small> U<small>NDER</small> S<small>EAL</small>] |

Pending before the Court is Plaintiff's Application for Preliminary Injunction against Defendant Dualwin Sporting Goods Co., Ltd.

**I.    BACKGROUND**

    A.    Plaintiff Acushnet Company ("Acushnet") is the owner of all rights in and to the following trademarks protected by the following United States Federal Trademark Registrations:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| (crown design) | 2,620,432 | September 17, 2002 | IC 28- Golf clubs and accessories, namely golf tees, golf gloves, golf bags, golf putters, golf drivers, golf woods, golf irons, golf green repair tools, golf club covers, and golf bag covers. |
| SCOTTY CAMERON | 2,525,024 | January 1, 2002 | IC 28 – Golf clubs and accessories thereof |
| TITLEIST | 934,406 | May, 23, 1972 | IC 28- Golf equipment comprising golf balls, golf clubs, golf bags, golf gloves and golf covers |
| *Titleist* | 1,155,766 | May 26, 1981 | IC 28- Golf Equipment-Namely, Golf Balls, Golf Clubs and Golf Bags. |
| (circle T design) | 3,376,961 | February 5, 2008 | IC 24 – Golf towels<br><br>IC 25 – Clothing, namely, jackets, shirts, hats and visors<br><br>IC 28 – Golf equipment, namely, golf putters, golf club head covers, golf club grips and divot tools |
| TOUR RAT | 4,189,312 | August 14, 2012 | IC 28 – Golf balls; golf putter covers |

These trademarks are registered in International Class 28 and are used in connection with the manufacture and distribution of, among other things, high quality golf club headcovers. Additionally, Acushnet is the owner of all common law rights in and to the JUNKYARD DOG and SCOTTY'S CUSTOM SHOP marks as associated with clothing, including shirts and golf club headcovers (the above-identified common law and registered marks shall collectively be referred to herein as the "Acushnet Marks").

2

B. Plaintiff sells and otherwise distributes its respective high quality products, including golf club headcovers and clothing products, in the United States, in particular Arizona. Based on Plaintiff's allegations, it appears Defendant has the requisite minimum contacts for personal jurisdiction.

C. Defendant is Dualwin Sporting Goods Co., Ltd.

D. Plaintiff has proffered sufficient evidence to show that Defendant has manufactured, advertised, promoted, offered for sale, and/or distributed, golf club headcovers and clothing products, including shirts, using labeling with counterfeits, reproductions, and/or colorable imitations of the Acushnet Marks.

E. Defendant is not now, nor has it ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the Acushnet Marks, or to distribute or sell golf club headcovers and/or clothing products, including shirts, bearing counterfeits and infringing versions of the Acushnet Marks.

F. Defendant Dualwin was served via email, as required by the Temporary Restraining Order, at the email address: dualwin@yahoo.cn as confirmed by the Certificate of Service on file with this Court;

G. Defendant Dualwin has not filed any response to the Temporary Restraining Order or Plaintiff's Application for Preliminary Injunction nor has Defendant Dualwin, or counsel on its behalf, contacted counsel for the Plaintiff in connection with this matter;

H. The Court convened a hearing on Plaintiff's Application for Preliminary Injunction against Defendant Dualwin on January 8, 2013 at which only counsel for Plaintiff appeared in order to present evidence in connection with Plaintiff's Application for Preliminary Injunction.

**II. ANALYSIS**

Pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*) as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473, and Federal Rule of Civil Procedure 65, this Court is authorized to grant Plaintiff's motion. In considering 15

3

U.S.C. § 1116(d)(4)(B) and the factors the Ninth Circuit has established for granting preliminary injunction relief, *see Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009), the Court finds:

    A.    Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by Defendant's manufacturing, advertisement, promotion, sale, offer for sale, and/or distribution of golf club headcovers and clothing products, including shirts, bearing counterfeits, reproductions, and/or colorable imitations of the Acushnet Marks.

    B.    Plaintiff is likely to suffer an immediate and irreparable injury if a preliminary injunction is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's First Amended Complaint and the sworn Declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because: (1) Defendant has offered for sale golf club headcovers and clothing products, including shirts, bearing counterfeit and infringing trademarks in violation of Plaintiff's rights; and (2) Plaintiff has well-founded fears that more counterfeit and infringing products bearing its trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products, resulting in the consequent injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its genuine products.

    C.    The balance of potential harm to Defendant if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff if it is not issued.

    D.    The public interest favors issuance of the preliminary injunction in order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

**III.    PRELIMINARY INJUNCTION**

    1.    This Court has jurisdiction of the subject matter of all counts of this action and over all of the named parties hereto.

    2.    Acushnet is the owner, and/or exclusive licensee, of the Acushnet Marks;

3. Defendant Dualwin and its respective officers, agents, servants, employees, and attorneys, and all persons in active concert and participation with them are hereby restrained and enjoined, pending termination of this action, from, intentionally and/or knowingly:

    A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods; bearing the Acushnet Marks;

    B. using the Plaintiff's Marks in connection with the manufacturing and/or sale of any unauthorized goods;

    C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendant Dualwin as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

    D. using any reproduction, counterfeit, copy, or colorable imitation of the Acushnet Marks in connection with the publicity, promotion, sale or advertising of any goods sold by the Defendant Dualwin, including, without limitation, clothing, including shirts, and golf club headcovers;

    E. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendant Dualwin's goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff;

    F. offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff;

    G. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing,

producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Acushnet Marks; and

  H. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (G).

  4. Upon receipt of notice of this Order, Paypal, Inc. ("Paypal") and any related companies and affiliates, shall, to the extent not already done, immediately restrain and limit all accounts controlled and/or used by the Defendant Dualwin Sporting Goods Co., Ltd., dualwin@yahoo.cn, and/or xihaianshancheng@126.com;

  5. Paypal shall further, to the extent not already done, within five (5) days of receiving this Order, provide Plaintiff's counsel with all data which identifies the accounts frozen as well as an accounting of the funds in the restrained accounts. Such restraint of the accounts and the disclosure of the related financial institution account information shall be made without prior notice to the account owners or the financial institutions until further order of this Court;

  6. Any financial institutions, and any related companies and affiliates, including those identified by Paypal in connection with Paragraphs 4 and 5 above (the "Financial Institutions"), which hold funds on behalf of or derived from the Defendant Dualwin's business, upon receipt of notice of this Order, shall immediately, to the extent not already done, restrain and limit all accounts controlled and/or used by the Defendant Dualwin Sporting Goods Co., Ltd., dualwin@yahoo.cn, and/or xihaianshancheng@126.com;

  7. The Financial Institutions shall further, to the extent not already done, within five (5) days of receiving this Order, provide Plaintiff's counsel with all data which identifies the accounts restrained as well as an accounting of the funds in the restrained accounts. Such restraint of the accounts and the disclosure of the related

6

financial institution account information shall be made without prior notice to the account owners or the financial institutions until further order of this Court;

8. This Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

**VI. CONCLUSION**

Based on the foregoing:

**IT IS ORDERED** granting Plaintiff's Application for Preliminary Injunction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Unseal Part of the Court File (Doc. 32) is denied. Instead, the seal on the entirety of this case is hereby removed, and the Clerk is instructed to return this file to the public portion of the Court records.

Dated this 8th day of January, 2013.

_____
James A. Teilborg
United States District Judge

Copies to only: Counsel for Plaintiff and Defendants