**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Acushnet Company, a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>Thomas Allan Thiede a/k/a Thomas Thiede a/k/a Tom Thiede a/k/a Tom T., an individual, d/b/a Showcase Studios d/b/a Showcase Companies d/b/a Showcase Architectural Products d/b/a Showcase Custom Homes, Inc. d/b/a Makeovermygaragedoor.com and Does 1-10; Dualwin Sporting Goods Co., Ltd., an unincorporated foreign business entity; Does 1-5 and Does 7-10,<br><br>Defendants. | No. CV 12-02508-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for authorization of alternate service of process on Defendant Dualwin Sporting Goods Co. ("Dualwin"). (Doc. 40). Plaintiff requests that the Court authorize Plaintiff to serve Dualwin with the Summons, Verified Complaint, First Amended Complaint, and all subsequent filing in this matter via electronic mail ("e-mail") pursuant to Federal Rule of Civil Procedure 4(f)(3). (*Id*.).

Plaintiff has hired an investigator in the People's Republic of China to determine if Dualwin's address retrieved from records seized from Defendant Thomas Allan

1 Thiede is valid for service of process or if Dualwin has another physical address that is
2 valid. Plaintiff's investigation has revealed that Dualwin falsified its physical address
3 data and communicates through e-mail. (Doc. 40 at 4).
4       Rule 4(f)(3) allows service on an individual in a foreign country "by other means
5 not prohibited by international agreement, as the court orders." The Ninth Circuit has
6 held that e-mail service upon an online business defendant "was constitutionally
7 acceptable." *Rio Props. Inc., v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).
8 Further, e-mail service is not prohibited by international agreement pertinent to this
9 case as the Hague Convention on the Service Abroad of Judicial and Extra-Judicial
10 Documents in Civil and Commercial Matters (the "Convention") does not apply. *See*
11 20 U.S.T. 361 (1969) ("[the] convention shall not apply where the address of the person
12 to be served with the document is not known."). In addition, federal courts have
13 routinely authorized international mail and e-mail service notwithstanding the
14 applicability of the Hague Convention. *See, e.g., Brockmeyer v. May*, 383 F.3d 798,
15 800 (9th Cir. 2004) ("We join the Second Circuit in concluding that the Convention . . .
16 does not prohibit service of process by international mail"); *Nanya Tech. Corp. v.*
17 *Fujitsu Ltd.*, CIV 06-00025, 2007 WL 269087, at *5-6 (D. Guam Jan. 26, 2007) (Hague
18 Convention, to which Japan is a signatory, did not prohibit e-mail service upon
19 Japanese defendant); *Popular Enterprises LLC v. Webcom Media Grp.*, Inc., 225 F.R.D.
20 560, 562 (E.D. Tenn. 2004); *MPS IP Servs. Corp. v. Modis Commc'ns Inc.*, 3:06-CV-
21 270-VMC-HTS, 2007 WL 723841, at *3 (M.D. Fla. Mar. 6, 2007) (Hague Convention,
22 which Canada is a signatory, did not prohibit e-mail service upon Canadian
23 defendants). Finally, The Ninth Circuit has stated that "as long as court-directed and
24 not prohibited by an international agreement, service of process ordered under Rule
25 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio*
26 *Props.*, 284 F.3d at 1014.
27       Accordingly,
28 //

1    **IT IS ORDERED** that Plaintiff's Application for Order Authorizing Alternate
2    Service of Process on Defendant Dualwin Pursuant to Federal Rule of Civil Procedure
3    4(f)(3) (Doc. 40) is GRANTED.  Plaintiff may serve the Summons, Verified
4    Complaint, First Amended Complaint and all other current and future filings in this
5    matter, upon Defendant Dualwin in this action via e-mail to the e-mail address
6    dualwin@yahoo.cn.
7    Dated this 27th day of September, 2013.

_____
James A. Teilborg
Senior United States District Judge

3